IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RICK HARGRAVE, | ) | CV 05-42-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MIKE MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On May 3, 2005, United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation on this matter. Petitioner did not timely object and has so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp., v. Commodore Bus. Mach.*, Inc. 656 f. 2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Petitioner at the time of filing this petition was a state prisoner proceeding *pro se*. He filed this action pursuant to 28 U.S.C. § 2254, but the petition is denied because the alleged violations of the Eighth Amendment in regard to time served under a suspended sentence are without merit.

-1-

There is no "clear error" found in the decisions by the district court or the Montana Supreme Court in their application of Mont. Code Ann. §§ 61-8-731(4) and (5) (1997) and Mont. Code Ann. §§ 46-23-1013(2)(1997).  Petitioner's sentencing does not run counter to the Eighth Amendment's prohibition on cruel and unusual punishment when a court revokes a suspended sentence and declines to credit time elapsed during probation to time served.  *Hall v. Bostic*, 529 F.2d 990, 992 (4th Cir. 1975) (citing *Thomas v. United States*, 327 F.2d 795, 797 (10th Cir. 1964)).  Additionally, Petitioner is unable to establish that his original sentence has been enlarged because the probationary period is not counted as a part of the time of imprisonment.  *Id*. Viewing the state court decisions in a highly deferential light, *see* 28 U.S.C. § 2254(d), Petitioner fails to state a claim for which federal habeas corpus relief may be granted.

Based on the foregoing reasons, this Court adopts Judge Erickson's Findings and Recommendation in full.

Accordingly, **IT IS HEREBY ORDERED:**

Petitioner's Writ of Habeas Corpus is **DENIED.**

DATED this  8th  day of June, 2006.

　　　　　　　　　　　　　　　　 /s/ Donald W. Molloy
　　　　　　　　　　　　　　　Donald W. Molloy, Chief Judge
　　　　　　　　　　　　　　　United States District Court